UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Luis Merced,<br>William Skinner,<br>Dorian Brooks,<br>    a/k/a "Kool-Aid,"<br><br>*Defendants.* | **Modified**<br>**Protective Order**<br><br>**19 Cr. 832 (ER)**<br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #_____<br>DATE FILED: Dec. 10, 2019 |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects, and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

(b) Prospective witnesses for purposes of defending this action.

2

7. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

7. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Return or Destruction of Material**

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____     Date: 11/20/19
    Andrew K. Chan
    Adam S. Hobson
    Assistant United States Attorneys


_____     Date: _____
Aaron Mysliwiec, Esq.
Counsel for Luis Merced


_____     Date: _____
George Goltzer, Esq.
Counsel for William Skinner


_____, Esq.     Date: _____
Counsel for Dorian Brooks


SO ORDERED:
Dated: New York, New York
       November 22, 2019

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____     Date: _____
    Andrew K. Chan
    Adam S. Hobson
    Assistant United States Attorneys

_____     Date: __11/20/19__
Aaron Mysliwiec, Esq.
Counsel for Luis Merced

_____     Date: _____
George Goltzer, Esq.
Counsel for William Skinner

_____, Esq.     Date: _____
Counsel for Dorian Brooks

SO ORDERED:
Dated: New York, New York
      November 22, 2019

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

4

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
    Andrew K. Chan
    Adam S. Hobson
    Assistant United States Attorneys


_____          Date: _____
Aaron Mysliwiec, Esq.
Counsel for Luis Merced

_____          Date: 11/20/19
George Goltzer, Esq.
Counsel for William Skinner


_____, Esq.          Date: _____
Counsel for Dorian Brooks


SO ORDERED:
Dated: New York, New York
        November 22, 2019

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____ Date: _____
    Andrew K. Chan
    Adam S. Hobson
    Assistant United States Attorneys

_____ Date: _____
Aaron Mysliwiec, Esq.
Counsel for Luis Merced

_____ Date: _____
George Goltzer, Esq.
Counsel for William Skinner

*Mark S. DeMarco* Date: Dec. 6, 2019
Mark DeMarco, Esq.
Counsel for Dorian Brooks

SO ORDERED:
Dated: New York, New York
      December 10, 2019

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE