USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 10/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | 19 Cr. 832 (ER) |
| Luis Merced, William Skinner, Dorian Brooks, a/k/a "Kool-Aid," | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects, and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Confidential Disclosure Material.** The Government has identified certain discovery materials pursuant to Federal Rule of Criminal Procedure 16 which contain and/or reflect personal identifying information for victims, cooperating witnesses, confidential informants, and other third-party witnesses that cannot feasibly be redacted, the disclosure of which could place these individuals in significant danger.  Any such materials will be marked "Confidential" or "Attorney's Eyes Only" material.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site to which

persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

7. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

(b) Prospective witnesses for purposes of defending this action.

8. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9. Confidential disclosure material shall not be disclosed by counsel other than as set forth herein, and shall be used solely for purposes of defending this action. Counsel shall not share the confidential disclosure material, or discuss the contents of the confidential disclosure material, with any other persons, including the defendant, except for any personnel employed by or retained by counsel. At any time, counsel may seek leave from the Government to share materials designated as confidential disclosure material with the defendants ("Requested Material"). The Government will promptly review the Requested Material and: (i) consent to the sharing of the Requested Material with the defendant; (ii) provide counsel with a redacted version of the Requested Material that may be shared with the defendants; or (iii) provide counsel with an

explanation as to why the Requested Material cannot be shared with the defendant, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige counsel's requests to share Requested Material.

7. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Return or Destruction of Material

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____  Date: October 28, 2021
Andrew K. Chan
Adam S. Hobson
Frank J. Balsamello
Assistant United States Attorneys

_____  Date: October 28, 2021
Aaron Mysliwiec, Esq.
Christopher Madiou, Esq.
Counsel for Luis Merced

_____  Date: _____
George Goltzer, Esq.
Ying Stafford, Esq.
Counsel for William Skinner

_____  Date: 10/28/21
Mark DeMarco, Esq.
Jeremy Schneider, Esq.
Counsel for Dorian Brooks

SO ORDERED:
Dated: New York, New York
       October 28, 2021

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE